Martin, J.
A new trial was prayed for, on the affidavit of the defendant, that he had, since the trial, discovered material evidence, which he could not, by reasonable diligence, have discovered before.
The facts are, that the vaccine lottery never was drawn; that the plaintiff was only an agent, and could not sue in his own name: that the tickets received by the affiant, were returned before the commencement of the suit; that the holders of tickets for sale were released from all liability, before the commencement of the suit.
This evidence is sworn, to have been discovered in a conversation which the defendant's counsel had with A. Harraldson, who was examined as a witness on the occasion, and whose memory did not serve him with sufficient certainty, till he had recourse to certain papers.
The witnesses, by whom the facts newly *82 discovered, are expected to be proved, are N. Robinson, and the conscience of the plaintiff.
East'n District.
June, 1821.
The affiant swears to all this, from his confidence in Harraldson’s statement, and the opinion of his counsel.
The new trial being denied, the defendant appealed.
I think the judge did not err in denying the new trial.
It was immaterial, whether the vaccine lottery was drawn; this circumstance could not discharge the defendant from his liability to account for the tickets. The plaintiff being only an agent is a circumstance which does not affect the merits of the case. The return of the tickets, and the release of the holders, are circumstances which the defendant did not plead.
I conclude the judgment ought to be affirmed with costs.
Mathews, J.
Whether the defendant was bound to plead the return of the tickets, and consequent release of his obligation to account for them, or might have given these facts in evidence on the general issue, does *83 not, in my opinion, alter his situation in the present application for a new trial. They are facts which must have been completely within his own knowlege, and which he ought to have been prepared to prove on the trial of the cause.
Eustis for the plaintiff, Hennen for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.